FEB 27 2007
JAMES N. HATTEN, Clerk
By: Deputy Clerk

**In The United States District Court**
**For The Northern District of Georgia**
**Atlanta Division**

**Commodity Futures Trading Commission,**
**Plaintiff,**

**vs.**

**Renaissance Asset Management, LLC,**
**and**
**Anthony Michael Ramunno, Jr.**
**Defendants.**

**Civil Action No:**

**1:07 – CV – 0200 JTC**
**Judge Jack T. Camp**

## AGREED ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF

Plaintiff, Commodity Futures Trading Commission ("Commission"), has filed a Complaint against Defendants Renaissance Asset Management, LLC ("RAM") and Anthony Michael Ramunno, Jr. ("Ramunno") (collectively "Defendants"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002).

Defendants, without admitting or denying the allegations of the Complaint, except those allegations regarding jurisdiction and venue, which they admit, consent to the entry of this Agreed Order of Preliminary Injunction and Other Ancillary Relief ("Order") and state that their consent is entered into voluntarily

and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that the Defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Cheating or defrauding, or attempting to cheat, or defraud other persons in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity futures transaction, in violation of Section 4b(a)(2)(i) of the Act, 7 U.S.C. § 6b(a)(2)(i);

B. Making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii);

C. Willfully deceiving or attempting to deceive by any means whatsoever other persons by any means whatsoever in regard to any order or contract, or in regard to any act of agency performed with respect to any order or contract, in violation of Section 4b(a)(2)(iii) of the Act, 7 U.S.C. § 6b(a)(2)(iii);

D. Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B);

2. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Engaging in, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

B. Entering into any commodity futures or options transactions for their own accounts, for any accounts in which they have a direct or indirect interest, and/or having any commodity futures or options traded on their behalf; and

C. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity

requiring such registration or exemption from registration, except as provided for in Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. § 4.14(a)(9), or acting, directly or indirectly, as a principal, agent, or any other officer, agent or employee of any person registered, required to be registered, or exempted from registration with the Commission, unless such exemption is pursuant to Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. §4.14(a)(9).

3. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashiers checks, funds, assets or other property of, or within the custody, control or possession of, Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of investors, wherever located, whether held in the name of any Defendant or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order; provided, however, if Defendant Ramunno secures new employment that does not involve commodity trading or any other investment enterprise, he is permitted to spend up to $1,000 of his new earnings per month for living expenses;

B. Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning defendants' business operations, until further order of the Court; and

C. Denying Commission representatives access to Defendants' books and records.

4. Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity which holds or is a depository of their funds, securities, assets or other property of any kind, are prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property; however if Defendant Ramunno secures new employment that does not involve commodity trading or any other investment enterprise, he is permitted to spend up to $1,000 of his new earnings per month for living expenses.

5. The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

6. If Defendant Ramunno has access to the business records of RAM, defendant shall prepare, sign and file with the Court, within 30 days of gaining access to the records, a complete and accurate accounting for the period of January 1, 2003, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. The names and last known addresses, phone numbers, and e-mail addresses of all pool participants and other investors;

B. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Defendants;

C. All funds, securities, commodity interests, assets and other property received directly or indirectly by defendants, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

D. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Defendants describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendants held by financial institutions located outside the territorial United States; and

E. The name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Defendants, either individually or jointly.

7. It is further ordered that representatives of the plaintiff Commission upon reasonable notice, be allowed to inspect the books, records and other electronically stored data, tape recordings, and other documents of Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of Defendants or others and to copy said documents, data, and records either on or off the premises where they may be situated.

8. It is further ordered that Defendants shall immediately take all steps within their power to repatriate all funds, assets and property held by, under the

control of, or in the name of the Defendants, whether jointly or otherwise, outside the United States, including but not limited to all funds on deposit in any banks, brokerage houses or other financial institution, by paying them to the Clerk of Court or as otherwise ordered by the Court, for further disposition in this case.

10. It is further ordered that the Plaintiff Commission is granted immediate discovery. The Commission is authorized to issue subpoenas for documents to third parties for the purpose of identifying customers of Defendants in connection with their futures trading activities, and to brokerage and financial institutions to determine where RAM and Ramunno deposited money that they received from others and the amount of such funds. The Commission is also authorized to take the depositions of Ramunno, Wilkinson, third parties who solicited or referred others to the Defendants and any participant in the RAM pools. By agreeing to this provision, Ramunno is not waiving his right to assert his Fifth Amendment privileges at his deposition.

9. This Order may be served by on any third party by facsimile transmission.

10. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this

Order and for all other purposes related to this action.

**IT IS SO ORDERED.**

Dated: February 27, 2007

UNITED STATES DISTRICT JUDGE

Approved and Consented to by:

Anthony Michael Ramunno, Jr. on his own behalf and as Chief Executive Officer of Renaissance Asset Management, LLC

Dated: 2-6-07

William P. Janulis
Senior Trial Attorney
IL A.R.D.C. No. 06188119
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0545 (Janulis)
wjanulis@cftc.gov

Dated: February 7, 2007