**In The United States District Court**
**For The Northern District of Georgia**
**Atlanta Division**

| | |
|---|---|
| **Commodity Futures Trading Commission,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**Renaissance Asset Management, LLC,**<br>**and**<br>**Anthony Michael Ramunno, Jr.**<br>**Defendants.** | **Civil Action No:**<br><br>**1:07 – CV – 0200 JTC**<br>**Judge Jack T. Camp** |

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT ANTHONY MICHAEL RAMUNNO, JR.

## I. INTRODUCTION

On January 24, 2007, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed the Complaint in this action against Defendants Renaissance Asset Management, LLC ("RAM") and Anthony Michael Ramunno, Jr.("Ramunno or Defendant") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2006). The Court entered an Agreed Order of

Preliminary Injunction and Other Ancillary Relief against Defendants on February 27, 2007.

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendant Ramunno without a trial on the merits or any further judicial proceedings, but reserving resolution of certain necessary equitable relief, including restitution, disgorgement and/or an appropriate civil monetary penalty, and such other relief as may be appropriate, Defendant Ramunno:

1. Consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief ("Consent Order");

2. Affirms that he has agreed to this Consent Order voluntarily, and that no threat, or promise other than as specifically contained herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

6. Waives:

a. all claims that he may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action and any right under EAJA to seek costs, fees and other expenses relating to, or arising from, this action;

b. any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

c. all rights of appeal in this action;

7. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Consent Order and for any other purposes relevant to this case, even if Defendant now or in the future resides outside the jurisdiction;

8. Agrees that neither the he nor his agents, employees or representatives acting under his control shall take any action or make any public statement denying, directly or indirectly, any allegations in the Complaint, or findings in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order are without factual basis; provided, however, that nothing in this provision shall affect Defendant's: i) testimonial obligations, or ii) rights to take legal positions in other proceedings to which the Commission is not a party. Defendant Ramunno will undertake all steps necessary to assure that

his agents, employees and representatives understand and comply with this agreement; and

9. In consenting to the entry of this Consent Order, Defendant Ramunno agrees that the allegations of the Complaint and all of the Findings of Fact and Conclusions of Law in Parts III and IV of this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in any bankruptcy proceeding relating to him, a Commission registration proceeding related to him and any proceeding to enforce this Consent Order. Furthermore, Defendant Ramunno agrees to provide immediate notice to this Court and the CFTC by certified mail, in the manner required by paragraph 35 of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against him. No provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant Ramunno in any other proceeding.

## III. FINDINGS OF FACT

### A. Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person who has engaged, is engaging, or is about to engage in any act

or practice constituting a violation of any provision of the Act or any rule, regulation or order promulgated thereunder.

11. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Ramunno is a resident of this district and both Defendants transacted business, among other places, in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur, among other places, within this district.

**B. Parties to this Consent Order**

12. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged with responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (2002), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2007). The CFTC is authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), to bring a civil action to enjoin any act or practice constituting a violation of the Act and/or Regulations, to enforce compliance with the Act and/or Regulations, and to seek civil penalties.

13. Defendant Anthony Michael Ramunno, Jr. resided in Alpharetta, Georgia during the relevant time. He was the chief executive officer and trading funds manager at RAM. He previously applied for registrations with the Commission as a commodity pool operator ("CPO") and a commodity trading advisor ("CTA") in November 2003 and as an associated person ("AP") in

November 2004. He withdrew all these applications prior to approval. Ramunno is currently listed as a principal of RAM.

**C. Other Defendant**

14. Defendant RAM Asset Management, LLC is a Georgia limited liability company formed in June 2005 with its headquarters in Roswell, Georgia. It has been registered as CPO and CTA with the Commission since September 2005.

**D. Fraudulent Activities By Defendant Ramunno**

15. RAM has been operating a commodity pool, alternatively entitled "RAM I LLP" or "RAM I LLC" since at least June 2005.

16. An internal RAM report for the period ending December 31, 2006 reflect approximately 94 participants and total pool assets of at least $32 million. However, that amount includes purported accumulated profits, which were totally fabricated by Ramunno. In fact, RAM's commodity futures trading accounts had significant losses that eventually exceeded $11.5 million. The total amount of participant investments and losses cannot be determined at this time.

17. Since at least July 2006, Ramunno knowingly caused to be distributed to prospective and existing pool participants false written statements about RAM. The misrepresentations included, but were not limited to:

a) false claims of profits within RAM's Pool Annual Reports for 2004 and 2005 and false representations that the reports have been audited

by the accounting firm of Grant Thornton LLP, which, in fact, has never performed any services for RAM;

b) false representations within RAM's Pool Annual Reports for 2004 and 2005 that indicate that RAM has operated since November 2003 despite records from the Georgia Secretary of State that document that RAM was not formed until June 2005;

c) false representations within a RAM Confidential Private Placement Memorandum and Disclosure Document that RAM has audited profitable results since November 2003, when in fact these purported results have not been audited and were in fact false;

d) false claims within other fabricated documents that the auditors Grant Thornton LLP had audited RAM's Pool Annual Reports for 2004 and 2005; and

e) false claims of profits within periodic account statements sent to RAM participants, when, in fact, RAM trading accounts had significant losses that eventually exceeded $11.5 million.

18. Ramunno misappropriated substantial amounts of RAM participant funds to pay for purely personal expenses, including a luxury home and multiple high-end automobiles and motorcycles, all unrelated to RAM. The exact amount of this misappropriation is undetermined at this time.

19. On January 18, 2007, Ramunno contacted the Atlanta office of the Federal Bureau of Investigation and admitted to committing fraud. Since that time, he has been indicted and pled guilty to one count of mail fraud in violation of 18 U.S.C. §§ 1342-43 and one count of wire fraud in violation of 18 U.S.C. § 1341 in *U.S. v. Ramunno*, 1-07-CR-61-TWT (N.D. Ga. 2007). Most of RAM's and

Ramunno's assets have been subject to forfeiture in connection to this criminal proceeding.

## IV. CONCLUSIONS OF LAW

20. By making material misrepresentations and providing false statements to pool participants and by misappropriating participant funds, Defendant Ramunno violated Sections 4b(a)(2)(i), (ii), and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i), (ii), and (iii), which make it unlawful for any person to cheat or defraud or attempt to cheat or defraud; or willfully make or cause to be made to other persons false reports or statements, or willfully enter or cause to be entered for other persons false records; or willfully deceive or attempt to deceive by any means whatsoever other persons in or in connection with orders to make, or the making of, contracts of sale of any commodity for future delivery, made, or to be made, for or on behalf of such other persons where such contracts for future delivery were or may have been used for (a) hedging any transaction in interstate commerce in such commodity, or the produce or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof.

22. By making material misrepresentations and providing false statements to pool participants and by misappropriating participant funds through the use of

the Internet and other instrumentalities of interstate commerce, RAM, as a CPO also violated Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B), by: (i) employing devices, schemes, or artifices to defraud participants or prospective participants, and (ii) engaging in transactions, practices, or courses of business that operated as a fraud or deceit upon participants or prospective participants.

23. Ramunno directly and indirectly controlled RAM and its employees, and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting RAM's violations of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B), described above. Pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b), Ramunno is liable for these violations to the same extent as RAM.

## V. NEED FOR A PERMANENT INJUNCTION

24. Defendant Ramunno engaged in acts and practices that violate Sections 4b(a)(2)(i), (ii), and (iii), and 4*o*(1)(A) and 4*o*(1)(B) of the Act, 7 U.S.C. §§ 6b(a)(2)(i), (ii), and (iii), and 6*o*(1)(A) and 6*o*(1)(B). Unless restrained and enjoined by this Court, there is a reasonable likelihood that Defendant Ramunno will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act.

## VI. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

25. Defendant Ramunno is permanently restrained, enjoined and prohibited from directly or indirectly:

a) cheating or defrauding, or attempting to cheat or defraud other persons in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity futures transaction, in violation of Section 4b(a)(2)(i) of the Act, 7 U.S.C. § 6b(a)(2)(i);

b) making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof, in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. § 6b(a)(2)(ii);

c) willfully deceiving or attempting to deceive by any means whatsoever other persons by any means whatsoever in regard to any order or contract, or in regard to any act of agency performed with respect to any order or contract, in violation of Section 4b(a)(2)(iii) of the Act, 7 U.S.C. § 6b(a)(2)(iii); and

d) employing any device, scheme or artifice to defraud any client or participant or prospective client or participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant by use of the mails or any means or instrumentality of interstate commerce, in violation of Sections 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B).

26. Defendant Ramunno also is permanently prohibited from engaging, directly or indirectly, in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

a) trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

b) engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

c) soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

d) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9);

e) entering into any commodity interest transactions for his own personal accounts, for any account in which they have a direct or indirect interest and/or having any commodity interests traded on his behalf; and

f) engaging in any business activities related to commodity interest trading.

27. Defendant Ramunno is further permanently restrained, enjoined and prohibited from filing a petition in bankruptcy without providing the Commission with prompt notice by Certified Mail of such filing, as required by Part VIII, paragraph 34 of this Consent Order.

28. The injunctive provision of this Consent Order shall be binding upon Defendant Ramunno, upon any person who acts in the capacity of officer, agent, employee, attorney, successor and/or assign of Defendant Ramunno and upon any

person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Defendant Ramunno.

## VII. ISSUES OF RESTITUTION, DISGORGEMENT AND CIVIL MONETARY PENALTY RESERVED FOR FURTHER COURT PROCEEDINGS

29. The issues of necessary equitable relief regarding appropriate restitution for defrauded pool participants, disgorgement and a civil monetary penalty for Defendant Ramunno is still unresolved and are hereby reserved for further proceedings before this Court.

30. In order to facilitate the determination of appropriate amounts for restitution, disgorgement and a civil monetary penalty, Defendant Ramunno is hereby ordered to cooperate fully in the investigation of: a) the amount of funds and proceeds received by Defendants, and losses to Defendants' pool participants; and b) the identification of Defendants' assets. The Defendant Ramunno's cooperation obligations include:

a) fully and truthfully completing financial questionnaire forms and providing any available documentary verification required by the forms;

b) submitting to a financial deposition or interview should the plaintiff deem it necessary regarding the subject matter of said form;

c) providing any additional documentation within his possession or control requested by the plaintiff regarding his financial condition; and

d) fully and truthfully answering all questions regarding his past and present financial condition in such interview or deposition.

## VIII. MISCELLANEOUS PROVISIONS

31. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

32. Invalidation: If any provision of this Consent Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

33. Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

34. Notice: All notices required to be given by any provision in this Consent Order to the Commission shall be sent certified mail, return receipt requested, as follows:

Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

All such notices shall reference the name and docket number of this proceeding.

35. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

36. Counterparts and Facsimile Execution: This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement that is delivered by facsimile

shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

**IT IS SO ORDERED** on this 11 day of March, 2008.

[signature]
**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

[signature]
Anthony M. Ramunno, Jr., Defendant

Dated: 12-18-07

[signature]
William P. Janulis
Attorney for Plaintiff
Commodity Futures Trading Commission

Dated: January 18, 2008